IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ELAINE L. CHAO, Secretary of the United
States Department of Labor,

      Plaintiff,

              Civ. Action No.
              5:06-CV-1199 (NAM/DEP)

 vs.

NELS G. MAGNUSON, *et al.*,

      Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF: | |
| U.S. DEPARTMENT OF LABOR | ROBYN SWANSON, ESQ. |
| Office of the Solicitor | SONYA LORGE LEVINE, ESQ. |
| 200 Constitution Avenue NW | MEGAN E. GUENTHER, ESQ. |
| N–4611 | |
| Washington, DC 20210 | |
| FOR COMMITTEE DEFENDANTS: | |
| PROSKAUER, ROSE LAW FIRM | MYRON D. RUMELD, ESQ. |
| 1585 Broadway | |
| New York, NY 10036 | |
| HISCOCK, BARCLAY LAW FIRM | ROBERT A. BARRER, ESQ. |
| One Park Place | |
| 300 South State Street | |
| Syracuse, NY 13202-2078 | |

FOR DIRECTOR DEFENDANTS:

| | |
|---|---|
| MORGAN, LEWIS LAW FIRM<br>77 West Wacker Drive<br>Chicago, IL 60601 | CHARLES C. JACKSON, ESQ.<br>CHRISTOPHER WEALS, ESQ.<br>CHRISTIE DEL REY-CONE<br>EDWARD CERASIA, II, ESQ. |

FOR AGWAY PLAN DEFENDANT:

| | |
|---|---|
| MENTER, RUDIN LAW FIRM<br>308 Maltbie Street<br>Suite 200<br>Syracuse, NY 13204-1498 | MITCHELL J. KATZ, ESQ. |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

On October 11, 2006 plaintiff Elaine L. Chao, the Secretary of the United States Department of Labor, commenced this action against various individuals involved to varying degrees in the administration of an employee pension benefit plan, alleging their violation of obligations imposed under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001 *et seq*. The action results from an investigation into practices surrounding administration of the plan upon which the claims are focused, initiated by the Secretary several years ago.

In November of 2007, the plaintiff moved for leave to amend her complaint in this action. Plaintiff's motion, which was filed well after the

deadline for amendment of pleadings under the court's case management scheduling order had passed, and on the eve of the close of fact discovery, sought, *inter alia*, leave to interpose a course of action alleging that by their actions, the defendants had engaged in prohibited transactions in violation of sections 406(a) and 407(a) of ERISA – a claim which has been asserted by the plaintiffs in a separate but related action, *Fiduciary Counselors, Inc. v. Magnusen, et al.*, Civil Action No. 5:03-CV-1060 (NAM/DEP) (the "FCI litigation") as early as December 29, 2003.

While the Secretary's motion for leave to amend was granted, in part, based chiefly upon the lack of opposition by the defendants, the portion seeking permission to add a fourth cause of action, alleging violations of sections 406(a) and 407(a) of ERISA, was denied in light of the lateness of the motion and the fact that to avoid prejudice to the defendants, in the event of amendment, the court would have been required to extend the governing schedule in the case in the event of amendment.

Plaintiff now seeks reconsideration of that denial, arguing that it represents both a clear error of law and results in manifest injustice. For the reasons set forth below, plaintiff's motion is denied.

I.      BACKGROUND

Preceded by a multi-year investigation dating back to October of 2001, and the filing on August 26, 2003 of the FCI litigation, the Secretary commenced this suit on October 11, 2006 asserting various violations growing out of defendants' management and administration of the Agway Inc. Employees' 401(k) Thrift Investment Plan.  While plaintiff's initial complaint did not include a claim under sections 406(a) and 407(a) of ERISA, addressing the defendants' acquisition and holding of Agway Money Market Certificates ("MMCs") in the plan, it paralleled the claims asserted in the FCI complaint in most other respects.

Since inception of this action, the court has held several conferences with the parties concerning its progress, including an in-person conference conducted pursuant to Rule 16 of the Federal Rules of Civil Procedure on February 23, 2007, as well as telephone conferences held on April 5, 2007, June 21, 2007, September 20, 2007, and November 14, 2007.  Following the initial Rule 16 conference a Uniform Pretrial Scheduling Order was issued by the court on February 23, 2007 establishing certain deadlines pertaining to the action, including the requirement that amended pleadings or motions for leave to amend be filed by July 31, 2007, and that fact discovery be completed on or before

September 28, 2007.  Dkt. No. 31.

In light of a request made during the status conference held on June 21, 2007, the controlling deadlines in the case were adjusted and an amended text scheduling order was issued resulting in an extension of the deadline for amendment of pleadings until October 1, 2007, together with a corresponding extension of fact discovery to November 30, 2007.[1]  *See* Dkt. Minute Entry dated 6/28/07.  At the time, the parties were advised by the court, both orally and in writing, that this would be a final extension of the deadlines and that "no further extensions will be granted absent extenuating circumstances."  *Id.*

During the November 14, 2007 telephone conference the Secretary requested permission to file a motion for leave to amend her complaint in this action to interpose additional ERISA claims.  That motion was subsequently filed on November 27, 2007.  Dkt. No. 43.  Following the submission of opposition papers by the defendants, in which they did not oppose certain facets of the plaintiff's motion for leave to amend, oral argument was conducted on January 16, 2008 regarding the application as well as a pending discovery-related motion.  At the close of argument I

---

[1] Based principally upon a request made in the FCI litigation, the schedule was again adjusted by text order issued on October 26, 2007, effectively extending the deadline for completion of fact discovery until December 15, 2007.

rendered a bench decision granting the motion to amend, in part, but denying plaintiff's application for leave to include the proposed fourth claim for relief asserting violation of sections 406(a) and 407 of ERISA in her amended complaint. That determination was memorialized by short form order issued by the court on January 18, 2008. Dkt. No. 52.

## II.     PROCEDURAL HISTORY

On January 28, 2008, plaintiff filed a motion for reconsideration of the court's denial of her motion for leave to amend. Dkt. No. 53. In her motion, plaintiff asserts that the prior order represents clear error, and results in a manifest injustice. Plaintiff's reconsideration motion focuses heavily upon the question of whether defendants would be prejudiced by the amendment, asserting, *inter alia*, that the claims sought to be added are not barred by the applicable statute of limitations. Plaintiff also maintains she should have been permitted to add at least a portion of the proposed fourth claim for relief since defendants' objection was voiced to only the part of the claim related to violation of section 407(a). Defendants have since submitted papers in opposition to the motion, arguing both that the requisite standard for reconsideration has not been met, and that in any event the court's initial determination was correct. Dkt. Nos. 59, 60.

III.   DISCUSSION

    A.   Reconsideration Standard

Plaintiff's motion implicates both Rule 60(b) of the Federal Rules of Civil Procedure and Northern District of New York Local Rule 7.1(g).[2]  In this district, reconsideration of an order entered by the court is appropriate upon a showing of "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R.1, 3 (N.D.N.Y. 1995) (McAvoy, C.J.); *see also Cayuga Indian Nation of New York v. Pataki*, 188 F. Supp. 2d 223, 244

---

[2] Rule 60(b) directly addresses the standard to be applied when relief from a final judgment or order is sought, and provides in relevant part that

> [o]n motion and just terms, the court may relieve a party...from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Local Rule 7.1(g), on the other hand, merely details a procedure to govern motions for reconsideration, without setting out an applicable standard for determining such applications.  N.D.N.Y.L.R. 7.1(g).

(N.D.N.Y. 2002) (McCurn, S.J.) (citing *Sumner v. McCall*, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000) (Kahn, J.)). Applications for reconsideration are also subject to an overarching "clearly erroneous" gauge. *Sumner*, 103 F. Supp. 2d at 558.

The benchmark for seeking reconsideration of a court's order has been described as "demanding[.]" *Id.* A motion for reconsideration is not a vehicle through which a losing party may raise arguments that could have been presented earlier but for neglect, nor is it a device "'intended to give an unhappy litigant one additional chance to sway the judge.'" *Brown v. City of Oneonta, New York*, 858 F. Supp. 340, 342 (N.D.N.Y. 1994) (McAvoy, C.J.) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)). To qualify for reconsideration, "[t]he moving party [must] point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995) (citations omitted).

    B.    <u>Analysis Of Plaintiff's Motion Utilizing The Prevailing Standard</u>

With its emphasis upon alleged lack of prejudice and the factors traditionally considered when analyzing a motion to amend, plaintiff's motion overlooks one important fact; under the court's Uniform Pretrial

8

Scheduling Order, as subsequently modified, the deadline for filing of amended pleadings, or motions for leave to amend, passed on October 1, 2007. Plaintiff's motion was not filed until November 27, 2007, nearly two months beyond that date, and some two weeks prior to the close of fact discovery.

Rule 16 of the Federal Rules of Civil Procedure provides that, once issued, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. Rule 16(b)(4); *see Rambarran v. Mount Sinai Hosp.*, No. 06 Civ. 5109, 2008 WL 850478, at *3 (S.D.N.Y. Mar. 28, 2008). Courts, including the Second Circuit, have long recognized the importance of scheduling orders to the orderly progression of a case and efficient administration of justice, and the corresponding need to adhere to such mandates. *See Rambarran*, 2008 WL 850478, at *3 (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation.")

In its decision in *Parker v. Columbia Pictures Industries,* the Second

9

Circuit recognized the significance of the interplay between the otherwise generous amendment standard laid out under Rule 15(a) of the Federal Rules of Civil Procedure and governing case law, and Rule 16(b) with its scheduling requirements. 204 F.3d at 339-40. In *Parker* the court observed that "[b]y limiting the time for amendments, [Rule 16(b)] is designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" 204 F.3d at 339-40 (citing and quoting Fed. R. Civ. P. 16 advisory committee's note (1983 Amendment, discussion of subsection (b))). The court also went on to note when overlaid upon the requirements of Rule 15(a), Rule 16(b) requires a showing of good cause for amendment once the deadline for doing so under the court's case management order has passed. *Id.* at 340. After reviewing authority from other courts, the Second Circuit in *Parker* concluded as follows:

> We now join [those] courts in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause.

204 F.3d at 340.

The decision to deny plaintiff's motion for leave to amend was based

upon a finding that plaintiff had failed to demonstrate good cause for overlooking the failure to meet the deadline established by the court for amending pleadings, and in any event could not even satisfy the more generous Rule 15(a) standard for amendment. Like her counterparts in the FCI litigation, plaintiff could have asserted the disputed claim long before November of 2007. Yet, plaintiff's motion was not made until the close of fact discovery in the case was nearing. Although plaintiff correctly argues that the standard which typically governs motions for leave to amend is generous, it is not wholly without bounds. Courts faced with motions to amend similarly interposed at or near the close of discovery have in many instances rejected such efforts as untimely. *See, e.g., Ruotolo v. City of New York,* 514 F.3d 184, 191-92 (2d Cir. 2008); *Evans v. Syracuse City School Dist.,* 704 F.3d 44, 46-48 (2d Cir. 1983); *Sutton v. Duguid*, No. 05-CV-1215, 2007 WL 1456222, at *12 (E.D.N.Y. May 16, 2007); *In re Wireless Telephone Svcs. Antitrust Litig.*, No. 02 Civ. 2637, 2004 WL 2244502, at *4-7 (S.D.N.Y. Oct. 6, 2004).

In sum, since plaintiff's motion was made after the deadline for the filing of amendments and motions for leave to amend, and if granted would unquestionably have required extension of the fact discovery deadline – one of which had already been extended at least twice, with

the admonition that no further extensions would be considered – I exercised my discretion under Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure to deny the motion.[3]  Having found nothing in plaintiff's papers to suggest that discretion was improvident as exercised, I decline plaintiff's invitation to reconsider that ruling.

III.    SUMMARY AND ORDER

In seeking reconsideration of the court's prior order denying in part plaintiff's motion for leave to amend, filed after the deadline for the filing of such motions and some two weeks prior to the close of fact discovery, plaintiff makes no new arguments, instead simply reiterating contentions which were previously advanced, but rejected by the court.  Having found no basis to conclude that the court's prior order denying in part plaintiff's motion for leave to amend – to the extent that it was opposed – was either clearly erroneous or resulted in manifest injustice, it is hereby

ORDERED that plaintiff's motion for reconsideration (Dkt. No. 53) be and hereby is DENIED in all respects.

---

[3] In her moving papers plaintiff asserts that "[e]ven if allowing additional discovery delayed these proceedings, the Court's desire to maintain the scheduling order is not a valid reason to deny the amendment."  See Plaintiff's Memorandum (Dkt. No. 53) at 11.  Not surprisingly, plaintiff cites no cases to support this proposition, which is clearly not an accurate statement of the governing principles.

Dated:   June 12, 2008
         Syracuse, NY

_David E. Peebles_
David E. Peebles
U.S. Magistrate Judge