IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Agway, Inc. Employees' 401(k) Thrift | : | No. 03-CV-1060 (NAM/DEP) |
| Investment Plan ERISA Litigation | : | No. 06-CV-199 (NAM/DEP) |
| | : | |
| | : | |

## SETTLEMENT AGREEMENT AND CONSENT ORDER

The parties to these related actions have negotiated an agreement to settle all

civil claims and issues between them and consent to the entry of this Settlement

Agreement and Consent Order ("Consent Order") on the following terms:

A.     Case No. 03-CV-1060 (NAM/DEP) (the "FCI Action") was filed by

Plaintiff Fiduciary Counselors Inc. ("FCI"), in its capacity as Independent Fiduciary of

the Company Security Fund portion of the Agway, Inc. Employees' 401(k) Thrift

Investment Plan (the "Thrift Plan"), on behalf of itself, the Thrift Plan and the Thrift

Plan's participants and beneficiaries, against, among others, Defendants Joan F. Berkey,

Eric D. Biegler, Bruce E. Chapman, John R. Feeney, Jane F. Flanagan, Martin P.

Frankenfield, Betty J. Goyette, Nels G. Magnuson, Michael Meath,[1] Joseph McGraw,

Richard Opdyke, William L. Parker, G. Leslie Smith, Richard Stevens and Robert

Weller, as former members of the Employee Benefit Plans Administration Committee

(the "Administration Committee Defendants") and Defendants Eric D. Biegler, James J.

Bubnack, Martin P. Frankenfield, Dennis J. LaHood, Nels G. Magnuson, Robert D.

Sears, Gerald R. Seeber, G. Leslie Smith, Dennis W. Trautman and Kipp R. Weaver, as

---

[1] Defendant Meath was dismissed with prejudice from the DOL Action, but remains a defendant in the FCI Action.

former members of the Employee Benefit Plans Investment Committee ("Investment

Committee Defendants") (together with the "Administration Committee Defendants,"

hereinafter referred to as the "Committee Defendants"), and Defendants Kevin B.

Barrett, Stanley J. Burkholder, Donald P. Cardarelli, Keith H. Carlisle, John R. Cook, D.

Gilbert Couser, Andrew J. Gilbert, Peter D. Hanks, Thomas G. Hardy, Ralph H. Heffner,

Frederick Hough[2], John R. Ligo, Robert L. Marshman, Jeffrey B. Martin, Samuel F.

Minor, Matt E. Rogers, Richard H. Skellie, Carl D. Smith, Thomas E. Smith, Gary K. Van

Slyke, Joel L. Wenger, Edwin C. Whitehead, Dennis C. Wolff, Christian F. Wolff, Jr.[3],

and William W. Young (collectively, the "Director Defendants"), for relief under the

Employee Retirement Income Security Act of 1974, as amended ("ERISA").

      B.     Case No. 06-CV-1199 (NAM/DEP) (the "DOL Action") was filed by

Plaintiff Elaine L. Chao, Secretary of the United States Department of Labor (the

"DOL"), against the Committee Defendants and the Director Defendants for relief

under ERISA, for violations of sections 404(a)(1)(A), (B), and (D); 405(a); and

406(a)(1)(A), (B) and (D), 29 U.S.C. §§ 1104(a)(1)(A), (B) and (D), 1105(a); and

1106(a)(1)(A), (B), and (D), and joining the Thrift Plan as a party defendant to ensure

that complete relief could be granted. The two cases will be referred to collectively as

the "Actions," and FCI, the DOL, the Thrift Plan, the Committee Defendants, and the

Director Defendants as the "Settling Parties."

---

[2] Defendant Hough was dismissed with prejudice from the DOL Action, but remains a defendant in the FCI Action.

[3] Defendant Wolff was dismissed with prejudice from the DOL Action, but remains a defendant in the FCI Action.

C.     After extensive motion practice, fact discovery, and expert discovery, the Settling Parties engaged in extensive, arm's-length negotiations with regard to the possible settlement of the Actions, including several lengthy mediation sessions with well-qualified mediators.  Having reached agreement, the Settling Parties now desire promptly and fully to resolve and settle with finality all of the Released Claims (as defined in paragraph 12 below) against the Committee Defendants and the Director Defendants (collectively, "Defendants") asserted by FCI and the DOL (collectively, "Plaintiffs") in the Actions.

D.     The Settling Parties expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Consent Order as a full and complete resolution of all of the Plaintiffs' claims against Defendants with respect to the matters alleged in the Actions.

E.     The undersigned attorneys acknowledge and represent that they are counsel of record for the Settling Parties and are authorized and empowered to execute this Consent Order on behalf of their respective clients.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.     This Court has jurisdiction over the parties to this Consent Order and subject matter of the Actions and is empowered to provide the relief herein.

2.     Not later than five business days after this Consent Order has been signed on behalf of all Parties and submitted to the Court with a copy to the Defendants'

412487_2 September 9, 2008 (4:59:04 PM)

insurance carrier, a total settlement payment equal to $11,550,000.00 (Eleven Million

Five Hundred and Fifty Thousand Dollars) (the "Principal Payment") shall be due.

Defendants (through their fiduciary liability insurance carrier) shall cause the Principal

Payment to be deposited in an income bearing escrow account pending distribution to

the Thrift Plan as described below and the aggregate of the Principal Payment and the

income earned thereon (the "Income") will hereinafter be referred to as the "Settlement

Payment." The escrow account shall be held by an independent escrow agent and the

escrow agreement shall provide that the assets in the account, if invested, shall be

placed in investments involving no principal risk (e.g., T-bills), that the costs of

administration of the escrow account shall be paid from the assets of the account, that

no disbursement shall be made from the account until all of the requirements in

Paragraph 9 of the Consent Order have been met, that any disbursements shall be in

accordance with Paragraph 3 of the Consent Order in the event that the Consent Order

is approved by the Court, and that in the event that the Court does not enter the

Consent Order all assets remaining in the account shall be paid to the Defendants'

insurance carrier forthwith.

3.      The Settlement Payment shall be paid within two (2) business days of the

Effective Date (as defined in paragraph 9) and allocated as follows:

      a.      $8,590,000.00 (Eight Million Five Hundred Ninety Thousand

Dollars), plus the pro rata share of the Income allocable to this sum, shall be paid

via wire transfer to the Thrift Plan (the "Plan Payment"). FCI shall be

4

responsible for directing the Thrift Plan administrator as to the allocation of this amount among the Thrift Plan's participants and for reimbursement of costs in accordance with FCI's duties as a fiduciary of the Thrift Plan and consistent with this Consent Order;

      b.    $2,100,000.00 (Two Million One Hundred Thousand Dollars), plus the pro rata share of the Income allocable to this sum, shall be paid via wire transfer to the Thrift Plan for its attorneys' fee incurred in connection with the FCI Action (the "Attorneys' Fee Payment"); and

      c.    $860,000, plus the pro rata share of the Income allocable to this sum, shall be paid to the United States Treasury pursuant to ERISA § 502(l), 29 U.S.C. §1132(l) (the "Penalty Payment"), by overnight courier to: United States Department of Labor, QLP Wholesale Lockbox-NC0810, Lockbox #70942, 1525 West WT Harris Blvd., Charlotte, NC, 28262. The DOL is required to assess a civil penalty of twenty percent (20%) on amounts recovered under a settlement agreement or court order pursuant to ERISA § 502(l)(2), 29 U.S.C. § 1132(l)(2). The Settling Parties agree that for civil penalty purposes, the total penalty that can be assessed in this matter is $1,720,000. For purposes of ERISA § 502(l), this paragraph constitutes a Notice of Assessment of Penalty in the amount of $1,720,000, and the Defendants hereby waive any further notice of such assessment. The DOL hereby agrees that the penalty assessment amount set forth immediately above is hereby compromised and reduced by fifty percent

5

(50%) such that the payment by the Defendants of $860,000, plus the pro rata share of the Income allocable to this sum, shall constitute full and final satisfaction of such penalty assessment.

4.    The Settlement Payment shall be the full and sole monetary contribution made by or on behalf of the Defendants in connection with the settlement effected under this Consent Order. The Settlement Payment specifically covers any and all claims for costs and attorneys' fees by Plaintiffs' counsel or any other counsel representing the Plaintiffs in the Actions. The Settling Parties shall bear their own costs and expenses (including attorneys' fees) in connection with effectuating this Consent Order.

5.    The Settling Parties also agree to the following non-monetary relief:

        a.    The Investment Committee Defendants and the Administration Committee Defendants in the DOL Action have agreed to refrain, for the Period (as defined below), from (i) serving as a trustee or named fiduciary of an ERISA-covered 401k plan or other individual account plan that has investments in employer securities (hereinafter, "Covered Plan"); (ii) serving in a position expressly assigned fiduciary responsibilities with a Covered Plan under the terms of a governing plan document or other written agreement; or (iii) knowingly assuming sole decision making authority with respect to the assets of a Covered Plan, including employer securities.

b.      The Inside Director Defendants in the DOL Action have agreed to

refrain, for the Period, from (i) serving as a trustee or named fiduciary of a

Covered Plan; (ii) serving in a position expressly assigned fiduciary

responsibilities with a Covered Plan under the terms of a governing plan

document or other written agreement; or (iii) knowingly assuming sole decision

making authority with respect to the assets of a Covered Plan, including

employer securities.  If an Inside Director Defendant is currently acting as a

fiduciary of a Covered Plan, he shall recuse himself from any fiduciary decision

making authority with respect to employer securities for the Period defined in

paragraph 5(e) below.  Nothing in this paragraph 5 shall impair an Inside

Director's right to maintain or sponsor a retirement program for his or his farm's

employees.

c.      All Defendants in the DOL Action agree they will not knowingly

participate in a fiduciary breach or prohibited transaction under Title I of ERISA.

d.      For purposes of this paragraph 5, the "Inside Director Defendants"

shall mean all of the Director Defendants, except John R. Cook, Thomas G.

Hardy, Frederick Hough and Christian F. Wolff, Jr.  For purposes of this

paragraph 5, the "Administration Committee Defendants" shall mean all of the

Administration Committee Defendants, except Michael Meath.

e.      For purposes of this paragraph 5, the "Period" shall begin to run on

the Signing Date and shall end (i) two years from the Signing Date for the

7

Investment Committee Defendants or (ii) one year from the Signing Date for the Administration Committee Defendants and Inside Director Defendants, unless the Investment Committee Defendant, Administration Committee Defendant, or Inside Director Defendant elects to receive Training as defined below.  In the event such person elects to receive Training, the Period shall end on the later of the date the Training is completed or the Effective Date of the Consent Order.

f.      For purposes of this paragraph 5, "Training" shall mean: attendance in person at, or review by videotape or other electronic means of, a program explaining the fiduciary obligations set forth in ERISA §§ 404 and 406, 29 U.S.C. §§ 1104, 1106.  The programs shall particularly address fiduciary obligations with respect to employer securities and hard-to-value assets.  The Investment Committee Defendants shall be required to attend a 15-hour program and the Administration Committee Defendants and the Inside Director Defendants shall be required to attend an 8-hour program.  The programs may be conducted by counsel for Defendants, provided that a representative from the DOL may, at his or her election, attend and/or participate in the program.  Counsel for the DOL shall determine whether a program meets these requirements, and approval of any program shall not be unreasonably withheld.  Counsel for the DOL and Defendants shall negotiate in good faith an appropriate means of certifying attendance, which shall not include self-certification.  Any issues that cannot be agreed to shall be resolved by the Court.

8

6.      FCI represents that, in advance of the parties' execution of this Consent Order

("Signing Date"), it has furnished counsel for the Defendants its contemplated public

statements, or statements to participants, regarding the Consent Order or the

underlying Actions.

7.      Counsel for the Committee Defendants shall, within two (2) business days after

the Signing Date, file with the Court a copy of the Consent Order (and any appendices)

signed by the Settling Parties.

8.      Within five (5) business days after the Consent Order has been filed with the

Court, a notice in the form appended hereto as Appendix A (the "Notice") shall be

issued to the Thrift Plan's participants and/or beneficiaries, counsel for the Plaintiffs

and Defendants having conferred with the Court regarding the content of the Notice in

advance of such date.  Defendants (through their fiduciary liability insurance carrier)

shall be responsible for the costs of the Notice and FCI and/or the Thrift Plan shall be

responsible for supplying all information regarding the Thrift Plan's participants

and/or beneficiaries (including their last known address) to allow the Notice to be

issued in accordance with this Paragraph 8.

9.      The Effective Date of the Consent Order shall be when it is signed by the Court,

which date shall be after: (a) the Notice has been issued; (b) a hearing as contemplated

by the Notice has been held, such hearing not to take place less than 30 days after the

issuance of the Notice; (c) Defendants' counsel has advised the Court in writing that

Agway, Inc. and all Defendants have executed a Settlement Agreement and Release

412487_2 September 9, 2008 (4:59:04 PM)

("SAR") with Defendants' insurance carrier and that the Bankruptcy Court has

approved Agway, Inc.'s approval of the SAR; and (d) having considered the terms of

the Consent Order and the positions of the Settling Parties and/or any Thrift Plan

participant and/or beneficiary who communicates comments or objections in response

to the Notice, the Court concludes that the Consent Order is appropriate for entry.  The

Effective Date shall not in any event be before October 22, 2008.

10.    In the event that the Court does not enter the Consent Order, all of the Settling

Parties' obligations and rights under the Consent Order shall become null, void and of

no effect, including, without limitation, the payment of the Settlement Payment as set

forth in Paragraphs 2 and 3, the non-monetary relief as set forth in Paragraph 5, and the

releases set forth in Paragraphs 12 and 13.

11.    This Consent Order represents a full, final and complete judicial resolution of all

civil claims alleged in the Actions, and all such claims are hereby settled and dismissed

with prejudice.  Subject to paragraph 15, none of the Settling Parties waives any claims

against any other persons not a party in either Action.

12.    To settle the Actions in their entirety and to put an end to the controversy among

the Settling Parties, it is agreed that the Settlement Payment and the non-monetary

relief set forth above shall be in full and final settlement of the claims brought against

the Defendants and the Thrift Plan by the Secretary in her Complaint, including any

liability under ERISA § 502(l), and by FCI in its Complaint.  In consideration of the

promises set forth herein and for other good and valuable consideration upon the

10

Effective Date, Plaintiffs and the Thrift Plan do hereby release and forever discharge the Defendants, their present and former agents, predecessors, successors, assigns, attorneys, executors, heirs, administrators and all those in whose right the foregoing may claim (the "Released Parties"), both individually and collectively, from any and all actions, causes of actions, suits, claims, controversies, damages, debts, dues, accounts, covenants, contracts, agreements, judgments, liabilities, obligations, and demands whatsoever, in law or in equity, which Plaintiffs or the Thrift Plan had or has against the Released Parties, individually or collectively, that were asserted or could have been asserted in, arise from, or relate to the facts that have been alleged or referred to in the Actions (the "Released Claims"); provided, however, that nothing in this paragraph shall be deemed to release any claim relating to or otherwise seeking enforcement of the terms of this Consent Order.

13.     In consideration of the promises set forth herein and for other good and valuable consideration upon the Effective Date, the Defendants do hereby release and forever discharge the Plaintiffs, their present and former agents, predecessors, successors, assigns, attorneys, insurers, executors, heirs, administrators and all those in whose right the foregoing may claim, both individually and collectively, from any and all actions, causes of actions, suits, claims, controversies, damages, debts, dues, accounts, covenants, contracts, agreements, judgments, liabilities, obligations, and demands whatsoever, in law or in equity, which the Defendants have or had against the Plaintiffs, individually or collectively, that were asserted or could have been asserted in,

11

arise from, or relate to the facts that have been alleged or referred to in the Actions;
provided, however, that nothing in this paragraph shall be deemed to release any claim
relating to or otherwise seeking enforcement of the terms of this Consent Order.  In
particular, the Defendants expressly waive any and all claims under the Equal Access to
Justice Act (Pub. Law No. 96-481 [1980], reenacted at Pub. Law No. 99-80 [1985] and
amended at Pub. Law No. 104-121 [1996]) which they have or may have against the
Secretary and the Department of Labor, or any of their officers, agents, attorneys,
employees, or representatives, relating to, arising out of or in connection with the filing,
prosecution and maintenance of the DOL Action or investigation incident thereto.

14.    The Settling Parties and the Court (upon the Effective Date) expressly agree that
this Consent Order represents a fair and full resolution of the claims giving rise to the
Actions.

15.    This Consent Order does not affect the Plaintiffs' right to pursue any and all
available remedies and claims against any person not a party to this Consent Order,
provided that any such person or party is not covered by the policy issued by
Defendants' insurance carrier in the above captioned cases.   However, in the event that
either of the Plaintiffs pursues any additional remedies or claims, those remedies and
claims shall be construed so as to reduce the available recovery by the greater of: the
Settlement Payment or the share of damages for which recovery would otherwise be
available against any or all of the Defendants based on their proportionate fault.

16.     Effect of the Releases Under New York and California Law

       a.     The Settling Parties intend and agree that, to the extent that it applies, the releases granted in Paragraph 12 above are intended to fulfill the requirements of New York General Obligations Law § 15-108 so as to relieve the Released Parties from liability, if any, to any other person for contribution as provided in Article 14 of the New York Civil Practice Law and Rules.

       b.     The Settling Parties further intend and agree that the releases granted in Paragraph 12 above shall be effective as a bar to any and all currently unsuspected, unknown, or partially known claims within the scope of their express terms and provisions which arise from the facts alleged in these actions. Accordingly, the Plaintiffs and the Thrift Plan hereby expressly waive, and the Defendants hereby expressly waive, any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other State, Territory, or other jurisdiction. Section 1542 reads in pertinent part:

> A general release does not extend to claims that the
> creditor does not know or suspect to exist in his favor
> at the time of executing the release, which if known
> by him must have materially affected his settlement
> with the debtor.

       c.     The Plaintiffs, the Thrift Plan, and the Defendants each hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law

13

of any other State, Territory, or other jurisdiction was separately bargained for and that neither the Plaintiffs, on the one hand, nor the Defendants on the other, would enter into this Consent Order unless it included a broad release of unknown claims. The Plaintiffs, the Thrift Plan, and the Defendants each expressly agree that all release provisions in this Consent Order shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, and future claims, demands, and causes of action. The Plaintiffs and the Thrift Plan assume for themselves, and the Defendants assume for themselves, the risk of his, her or its respective subsequent discovery or understanding of any matter, fact, or law, that if now known or understood, would in any respect have affected his, her, or its entering into this Consent Order.

17.     This Consent Order is not binding upon any agency of the United States Government other than the United States Department of Labor.

18.     This Consent Order contains all representations and warranties, express and implied, oral and written, of the Settling Parties hereto, and the entire understanding and agreement between and among the Settling Parties with respect to the subject matter hereof. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any Settling Party with respect to the subject matter of this Consent Order. All prior and contemporaneous conversations,

14

negotiations, proposed agreements and agreements, representations, covenants and warranties with respect to the subject matter hereof are merged herein, waived, superseded and replaced in total by this Consent Order. This is an integrated agreement. This Consent Order may not be altered, amended or modified except by a writing signed by or on behalf of each Settling Party and with the approval of the Court.

19.     This Court shall retain jurisdiction over the parties and subject matter of the Actions for the purpose of enforcing the terms of this Consent Order.

20.     The Settling Parties, through their counsel, shall make themselves available to the Court for purposes of reviewing the terms of this Consent Order and the Notice and otherwise assisting the Court in its review.

21.     This Consent Order may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

Dated: October 22, 2008
Syracuse, New York

_____
DAVID E. PEEBLES
UNITED STATES MAGISTRATE JUDGE

15

**AGWAY, INC. EMPLOYEES' 401(k) THRIFT INVESTMENT PLAN**

By: _Stephen Caflisch_
      Stephen Caflisch, Deputy General Counsel
      Fiduciary Counselors Inc., in its capacity as
      Independent Fiduciary for the Company
      Security Fund portion of the Agway, Inc.
      Employees' 401(k) Thrift Investment Plan

Dated: _9/9/2008_


**FIDUCIARY COUNSELORS INC.**, in its
capacity as Independent Fiduciary for the
Company Security Fund portion of the Agway,
Inc. Employees' 401(k) Thrift Investment Plan


By: _Stephen Caflisch_
      Stephen Caflisch, Deputy General Counsel

Dated: _9/9/2008_


**UNITED STATES DEPARTMENT OF LABOR**

By:_____
      Leslie Canfield Perlman, Office of the
      Solicitor (Plan Benefits Security Division)
      Sonya Lorge Levine, Office of the Solicitor
      (Plan Benefits Security Division)

Dated:_____

16

**AGWAY, INC. EMPLOYEES' 401(k) THRIFT INVESTMENT PLAN**

By:_____
        Stephen Caflisch, Deputy General Counsel
        Fiduciary Counselors Inc., in its capacity as
        Independent Fiduciary for the Company
        Security Fund portion of the Agway, Inc.
        Employees' 401(k) Thrift Investment Plan

Dated:_____

**FIDUCIARY COUNSELORS INC.**, in its
capacity as Independent Fiduciary for the
Company Security Fund portion of the Agway,
Inc. Employees' 401(k) Thrift Investment Plan

By:_____
        Stephen Caflisch, Deputy General Counsel

Dated:_____

**UNITED STATES DEPARTMENT OF LABOR**

By:_____
        Leslie Canfield Perlman, Office of the
        Solicitor (Plan Benefits Security Division)
        Sonya Lorge Levine, Office of the Solicitor
        (Plan Benefits Security Division)

Dated: 9/9/08

16

SEP-09-2008 08:08 PM   RUMELD                7326630384                 P.02

JOAN F. BERKEY, ERIC BIEGLER, JAMES
J. BUBNACK, BRUCE E. CHAPMAN,
JOHN R. FEENEY, JANE F. FLANAGAN,
MARTIN P. FRANKENFIELD, BETTY J.
GOYETTE, DENNIS J. LAHOOD, NELS G.
MAGNUSON, JOSEPH MCGRAW,
MICHAEL MEATH, RICHARD OPDYKE,
WILLIAM L. PARKER, ROBERT D. SEARS,
GERALD R. SEEBER, G. LESLIE SMITH,
RICHARD STEVENS, DENNIS W.
TRAUTMAN, KIPP R. WEAVER, AND
ROBERT WELLER

By: _____
    Myron Rumeld, Proskauer Rose LLP

Dated: 9/9/08 _____

KEVIN B. BARRETT, STANLEY J.
BURKHOLDER, DONALD P. CARDARELLI,
KEITH H. CARLISLE, JOHN R. COOK, D.
GILBERT COUSER, ANDREW J. GILBERT,
PETER D. HANKS, THOMAS G. HARDY,
RALPH H. HEFFNER, FREDERICK A.
HOUGH, JOHN R. LIGO, ROBERT L.
MARSHMAN, JEFFREY B. MARTIN,
SAMUEL F. MINOR, MATT E. ROGERS,
RICHARD H. SKELLIE, CARL D. SMITH,
THOMAS E. SMITH, GARY K. VAN SLYKE,
JOEL L. WENGER, EDWIN C. WHITEHEAD,
DENNIS C. WOLFF, CHRISTIAN F. WOLFF
JR. AND WILLIAM W. YOUNG

By: _____
    Edward Cerasia II, Morgan, Lewis &
    Bockius LLP

Dated: _____

17

412487_2 September 9, 2008 (4:59:04 PM)

JOAN F. BERKEY, ERIC BIEGLER, JAMES
J. BUBNACK, BRUCE E. CHAPMAN,
JOHN R. FEENEY, JANE F. FLANAGAN,
MARTIN P. FRANKENFIELD, BETTY J.
GOYETTE, DENNIS J. LAHOOD, NELS G.
MAGNUSON, JOSEPH MCGRAW,
MICHAEL MEATH, RICHARD OPDYKE,
WILLIAM L. PARKER, ROBERT D. SEARS,
GERALD R. SEEBER, G. LESLIE SMITH,
RICHARD STEVENS, DENNIS W.
TRAUTMAN, KIPP R. WEAVER, AND
ROBERT WELLER

By:_____
     Myron Rumeld, Proskauer Rose LLP

Dated:_____

KEVIN B. BARRETT, STANLEY J.
BURKHOLDER, DONALD P. CARDARELLI,
KEITH H. CARLISLE, JOHN R. COOK, D.
GILBERT COUSER, ANDREW J. GILBERT,
PETER D. HANKS, THOMAS G. HARDY,
RALPH H. HEFFNER, FREDERICK A.
HOUGH, JOHN R. LIGO, ROBERT L.
MARSHMAN, JEFFREY B. MARTIN,
SAMUEL F. MINOR, MATT E. ROGERS,
RICHARD H. SKELLIE, CARL D. SMITH,
THOMAS E. SMITH, GARY K. VAN SLYKE,
JOEL L. WENGER, EDWIN C. WHITEHEAD,
DENNIS C. WOLFF, CHRISTIAN F. WOLFF
JR. AND WILLIAM W. YOUNG

By: *Edward Cerasia II*

     Edward Cerasia II, Morgan, Lewis &
     Bockius LLP

Dated: *Sept. 9, 2008*

17

# APPENDIX

**NOTICE TO PARTICIPANTS AND BENEFICIARIES OF HEARING**
*AGWAY, INC. EMPLOYEES' 401(K) THRIFT INVESTMENT PLAN ERISA LITIGATION*
**03 Civ. 1060 (NAM/DEP), 06 Civ. 1199 (NAM/DEP)**

Fiduciary Counselors Inc. ("FCI"), the independent fiduciary responsible for the Company Security Fund ("CSF") portion of the Agway, Inc. Employees' 401(k) Thrift Investment Plan (the "Plan"), and the Secretary of Labor, Elaine L. Chao (the "Secretary"), have reached an agreement with certain former members of the Plan's Administration and Investment Committees and certain former members of Agway, Inc.'s Board of Directors (collectively, the "Defendants") on the terms of a Settlement Agreement and Consent Order (the "Consent Order"). The Consent Order, which has been filed in the United States District Court in the Northern District of New York, would fully and finally resolve the pending litigations commenced by FCI and the Secretary against the Defendants.

## I.      Background

The FCI litigation commenced on August 26, 2003, when a lawsuit on behalf of the Plan and the Plan's participants and beneficiaries was filed against former members of the Administration Committee and the Investment Committee (referred to in the litigation as the "Committee Defendants"); former members of the Agway Board of Directors (the "Director Defendants"); Boston Safe Deposit & Trust Company ("Boston Safe"), the trustee charged with holding and managing the assets of the CSF; and PricewaterhouseCoopers ("PwC"), the Plan's auditors. An amended complaint was subsequently filed on December 29, 2003.

The amended complaint asserted claims under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), against the various defendants for allegedly breaching their fiduciary duties and engaging in prohibited transactions. The ERISA violations alleged were, generally, that the Plan's fiduciaries (1) purchased Agway securities at a price that exceeded their fair market value; (2) failed to investigate whether it was prudent to hold and continue purchasing Agway securities given the company's financial condition; (3) issued misleading communications and information to Plan participants regarding the value of investments in Agway securities; and, (4) with respect to the Director Defendants, failed to act prudently in appointing and monitoring the Committee Defendants. FCI's claims against PwC, as well as those asserted against Boston Safe, were settled, resulting in the dismissal of the claims against these two defendants.

In October 2006, the Secretary commenced a separate action against the Committee Defendants and the Director Defendants, advancing claims based upon violations of Title I of ERISA which were similar to those contained in FCI's amended complaint.

During the pendency of the litigation, which spanned over five (5) years, the parties took close to seventy (70) depositions of fact witnesses, and also engaged in complex motion practice.

While some of those motions were still pending, the parties decided to mediate the disputes through a third-party neutral mediator. This process resulted in an agreement to settle both the FCI and the Secretary's lawsuits through a Consent Order.

## II.    Effect of the Contemplated Consent Order

The Consent Order would result in the payment by Defendants' fiduciary insurance carrier of the aggregate amount of $11,550,000 (the "Settlement Sum"), allocated as follows: $8,590,000 to the Plan; $2,100,000 to FCI's attorneys to pay for attorneys' fees; and $860,000 to the U.S. Treasury in compromise of a penalty payment due pursuant to Section 502(l) of ERISA.  The Settlement Sum will be deposited in an income earning escrow account and any income earned on the $8,590,000 will be paid pro rata to the Plan.

Pursuant to the Consent Order, FCI would direct the Plan to distribute the portion of the Settlement Sum paid to the Plan (less litigation costs still owing to FCI's attorneys) to the Plan participants and beneficiaries on a pro rata basis, based on each participant's and beneficiary's percentage investment in the CSF at the time that fund was frozen in June 2002.  Note that this distribution will only be to persons who held an interest in Agway securities through participation in the CSF.  It is separate from any distribution that may be payable by the Liquidating Trustee of Agway, Inc. attributable to the Liquidating Trustee's recoveries in bankruptcy.

Once the Consent Order goes into effect, the two lawsuits commenced by FCI and the Secretary will be dismissed with prejudice and no further action may be taken by either party against the Defendants for investment losses experienced by the CSF.

**The Defendants take the position that, once signed by the Court, the Consent Order will extinguish any potential claims that might otherwise have been brought by Plan participants or beneficiaries for recovery of any investment losses in the CSF, which claims the Defendants believe would be barred by the statute of limitations in any event.  This is because FCI commenced, has prosecuted, and resolved its lawsuit on behalf of the Plan and the Plan's participants and beneficiaries, and, in the Defendants' view, FCI (unlike the Secretary) stands in the shoes of the Plan and its participants and beneficiaries.**

## III.    Scheduled Hearing Date

Because of the impact of the contemplated Consent Order on the interests of Plan participants and beneficiaries, the Court has scheduled a public hearing at the United States District Court, 100 South Clinton Street, 10th Floor, Syracuse, NY, on October 22, 2008 at 10 a.m. EST (the "Hearing").  Notice of this Hearing is being provided to all Plan participants and beneficiaries who may be affected by the terms of the Consent Order.  At the Hearing, the Court will complete its evaluation of the Consent Order and entertain any comments on its terms from participants and beneficiaries.

- **IF YOU ARE A PLAN PARTICIPANT OR BENEFICIARY AND WISH TO COMMENT ON THE CONSENT ORDER, YOU MAY DO SO BY ADVISING THE COURT IN WRITING OF YOUR INTENT TO APPEAR AT THE HEARING, OR PROVIDING WRITTEN NOTICE OF YOUR COMMENTS, OR BOTH. EITHER OF THESE COMMUNICATIONS MUST BE MAILED TO THE COURT, AS WELL AS TO ALL COUNSEL TO THE PARTIES AS SET OUT BELOW, AT THE ADDRESSES LISTED BELOW, BY FIRST CLASS MAIL, POSTMARKED ON OR BEFORE OCTOBER 15, 2008.**

- **IF YOU DO NOT WISH TO COMMENT ON THE CONSENT ORDER, YOU DO NOT NEED TO TAKE ANY ACTION.**

Offices of the Clerk of the District Court
U.S. Courthouse & Federal Bldg.
P.O. Box 7367
100 South Clinton Street
Syracuse, NY 13261-7367

| | |
|---|---|
| Myron D. Rumeld, Esq.<br>Proskauer Rose LLP<br>1585 Broadway<br>New York, New York 10036<br><br>*Counsel for the Committee Defendants* | Edward Cerasia II, Esq.<br>Morgan, Lewis & Bockius LLP<br>101 Park Ave.<br>New York, New York 10178<br><br>*Counsel for the Director Defendants* |
| John S. Summers, Esq.<br>Hangley Aronchick Segal & Pudlin<br>One Logan Square, 27th Floor<br>Philadelphia, PA 19103<br><br>*Counsel for Plaintiff Fiduciary Counselors Inc.* | Leslie Canfield Perlman, Esq.<br>United States Department of Labor<br>Office of the Solicitor<br>200 Constitution Avenue, NW<br>Washington, DC 20210<br><br>*Counsel for Plaintiff the Secretary of Labor* |

3